Gorman, J.,
 

 concurring. I concur in the affirmance of the orders' of the Public Utilities Commission in all five cases.
 

 However, I am in accord with the view expressed by Matthias and Myers, JJ., that at the time of the hearing there was not a sufficient showing by Lake Shore Coach Lines, Inc., that it had adequate financial responsibility to carry on a motor transportation line of the magnitude proposed. That defect has now been removed.
 

 On January 29, 1938, Ohio Utilities Finance Company and Toledo Edison Company represented to this court that they had purchased the assets of The Lake Shore Electric Railway Company, and by proper order of court were permitted to intervene in this appeal. On February 11, 1938, these parties filed a motion to augment the record which would show that on Febru
 
 *399
 
 ary 8,1938, Lake Shore Coach Lines, Inc., was authorized and did sell to Ohio Utilities Finance Company stock for $24,500. Certified copies of these orders were attached to the motion, and the fact that such additional capital has been obtained by Lake Shore Coach Lines, Inc., has never been challenged by appellants.
 

 While at the time of hearing Lake Shore Coach Lines, Inc., did not have adequate financial responsibility, if we consider the order of February 8, 1938, it did have.
 

 While under ordinary circumstances it would first be necessary to grant the motion to augment the record, in this instance it would be a vain thing to remand the cause because Lake Shore Coach Lines, Inc., did not possess sufficient financial resources, since the defect has been remedied by an order entered on February 8,' 1938. The authenticity of this order is not questioned, and this cause has become moot upon appeal. No useful purpose would be served when, upon remand, the commission could immediately adhere to its former order.
 

 For these reasons I therefore concur in the orders of affirmance.
 

 Orders affirmed.